IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **JOSE M. MARTINEZ-CASTILLO,** | * | |
| Petitioner, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | **CIVIL NO. 13-1864(DRD)** |
| | * | **RELATED CRIM. 09-315(DRD)** |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |
| | * | |

## OPINION & ORDER

Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. The Government's Response (D.E. 3). After careful consideration of the documents filed, the Court Denies the Habeas request.

## I. BACKGROUND

On September 24, 2000, Petitioner Jose M. Martinez-Castillo(hereinafter "Martinez-Castillo" or "Petitioner") was charged with thirty five (35) other co defendants in a seven count Indictment (Crm.No. 09-3315, C.D.E. 3)[2]. Martinez-Castillo was defendant number four (4) and was considered one of the leaders and organizers of a drug trafficking organization operating out of the Maximino Miranda Public Housing Project, the Enudio Negron Public Housing Project and the Chino Ward, all located in the Municipality of Villalba, Puerto Rico (C.D.E. 3).

Count One (1) of the Indictment charged: Beginning on

---

[1]D.E. is an abbreviation of docket entry number.

[2]C.D.E. is an abbreviation for criminal docket entry number.

Civil No. 13-1864(DRD)                                              Page 2

a date unknown, but no later than on or about the year
2000, and continuing up to and until the return of the
instant Indictment, in the District of Puerto Rico,
specifically in the Municipality of Villalba and within the
jurisdiction of this Court, [4] Jose M. Martinez Castillo,
a.k.a. Pipo, along with thirty five (35) other co
defendants, did knowingly and intentionally, combine,
conspire and agree with each other and with divers other
persons known and unknown to the grand jury, to commit an
offense against the United States, that is, to knowingly
and intentionally possess with the intent to distribute
and/or distribute controlled substances, to wit: in excess
of one (1) kilogram or more of heroin, a Schedule I
Narcotic Drug Controlled Substance; and/or in excess of
fifty (50) grams of cocaine base, a Schedule II Narcotic
Drug Controlled Substance; and/or in excess of five (5)
kilograms or more of cocaine, a Schedule II Narcotic Drug
Controlled Substance; and/or in excess of one hundred (100)
kilograms or more of marihuana, a Schedule I Controlled
Substance; within one thousand (1,000) feet of the real
property comprising a public or private school and/or
public housing project and/or playground, as prohibited by
Title 21, United States Code, Section 841(a)(1) and 860
(C.D.E. 3 at p. 3-4).

     Counts Two (2), Three (3), Four (4) and Five (5) are
substantive counts of possession with intent to distribute
in the Municipality of Villalba one kilogram or more of

heroin, Count Two (2); fifty grams of cocaine base, Count
Three (3); five (5) kilograms or more of cocaine, Count
Four (4); one hundred (100) kilograms of marihuana and
possession of firearms all within one thousand (1,000) feet
of a school zone, Count Five (5).  Count Six (6)charged a
possession of a firearm in furtherance of a drug
trafficking crime as to Counts One (1) , Two (2), Three
(3), Four (4), and Five (5)of this Indictment (C.D.E. 3).

The United States agreed at the sentencing of defendant
to dismiss with prejudice, Counts Two, through Six should
defendant accept his responsibility of guilt as to Count
One (C.D.E. 705).

Count Seven (7) of the Indictment is a money laundering
forfeiture allegation pursuant to Title 18, United States
Code, Section 982(a)(1) and Rule 32.2(a) of the Federal
Rules of Criminal Procedure, (C.D.E. 3 at p. 22-24).

On November 23, 2010, Petitioner plead guilty to only
Count One of the Indictment (C.D.E. 707)[3], notwithstanding
that he and eleven others were charged with possession of
weapons in furtherance of count one.  The Pre Sentence
Report as to Petitioner was filed on January 20, 2011,
(C.D.E. 908).  On April 6, 2011, Petitioner was sentenced
to a term of imprisonment of one hundred and twenty (120)
months, supervised release term of ten (10) years and a

---

[3]Martinez-Castillo plead guilty pursuant to a Plea Agreement
entered into with the Government constituting a statutory
minimum(C.D.E. 705).

Civil No. 13-1864(DRD)                                           Page 4

special monetary assessment of one hundred (100) dollars, (C.D.E. 1119).   Judgment was entered on April 13, 2011, (C.D.E. 1120)[4].   No direct appeal was filed therefore Martinez-Castillo's conviction became final fourteen (14) days after April 13, 2011 that is April 27, 2011; pursuant to Rule 4(b)(1)(A)(I) of the Federal Rules of Appellate Procedure.

Petitioner had one (1) year from April 27, 2011 to file a timely Petition for relief pursuant to Title 28, United States Code, Section 2255.

On October 10, 2013, Martinez-Castillo signed and attested that on said date he delivered his 2255 petition to  the prison mailing system (D.E. 1 at p. 13).

For reasons set forth in this opinion the Court finds Martinez-Castillo's petition untimely and orders Dismissal with Prejudice as to the Habeas Corpus under section 2255.

**II. DISCUSSION**

**A. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),went into effect on April 24, 1996.   AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief.   Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date Pratt v. United

---

[4]The sentence constituted a statutory minimum (C.D.E. 1120).

<u>States</u>, 129 F.3d 54, 58 (1st Cir. 1997).

"When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking review expires." <u>Anjulo-Lopez</u> v. <u>United States</u>, 541 F.3d 814, 816 n.2 (8th Cir.2008). "For purposes of section 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." <u>Sanchez-Castellano</u> v. <u>United States</u>, 358 F.3d 424, 428 (6th Cir.2005).

Martinez-Castillo did not appeal his conviction nor his sentence; pursuant to the version of the rule that were applicable at the time of Petitioner's conviction was entered, Petitioner had fourteen (14) days after the judgment was entered to file an appeal. See Fed.R.App.P. 4(b)(1)(a)(I).

In this case Judgment was entered on April 13, 2011, (C.D.E. 1120), therefore Petitioner had until April 27, 2011 to file his timely appeal or his conviction would become final.  Martinez-Castillo did not file an appeal hence his conviction became final on April 27, 2011.  The one year statute of limitations for a timely filing of a 2255 Petition expired on April 27, 2012.  Petitioner signed and delivered to the prison mail his petition for relief on October 10, 2013, (D.E. 1 at p. 13), that is over two years after the statute of limitations expired. Thus Petitioner's claim is untimely and subject to dismissal. **Therefore, having established that Martinez-Catillo's claim is**

**untimely the same is summarily dismissed.**

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **JOSE M. MARTINEZ-CASTILLO,** is not entitled to federal habeas relief on the claim presented as the same is time barred.  Accordingly, it is ordered that Petitioner **JOSE M. MARTINEZ-CASTILLO's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S. C. Section 2255.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of August 2016.

> **s/Daniel R. Dominguez**
> **DANIEL R. DOMINGUEZ**
> **UNITED STATES DISTRICT JUDGE**